DONALD W. SEARLES, Cal. Bar No. 135705
E-mail: searlesd@sec.gov
JANET E. MOSER, Cal. Bar No. 199171
E-mail: moserj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Andrew G. Petillon, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone:   (323) 965-3998
Facsimile:    (323) 965-3908

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>     vs.<br><br>BRAD A. MORRICE, PATTI M. DODGE, and DAVID N. KENNEALLY,<br><br>          Defendants. | Case No. CV 09-1426 DDP (FMOx)<br><br>**CONSENT OF BRAD A. MORRICE** |

1    1.    Defendant Brad A. Morrice ("Defendant") acknowledges having been
2 served with the complaint in this action, enters a general appearance, and admits the
3 Court's jurisdiction over Defendant and over the subject matter of this action.

4    2.    Without admitting or denying the allegations of the complaint (except as to
5 personal and subject matter jurisdiction, which Defendant admits), Defendant hereby
6 consents to the entry of the Final Judgment in the form attached hereto (the "Final
7 Judgment") and incorporated by reference herein, which, among other things:

8             (a)    permanently restrains and enjoins Defendant from
9 violation  of Section 17(a) of the Securities Act of 1933 ("Securities Act"),
10 15 U.S.C. § 77q(a), and Sections 10(b) and 13(b)(5) of the Securities
11 Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and
12 78m(b)(5), and Rules 10b-5, 13b2-2, and 13a-14 thereunder, 17 C.F.R.
13 §§ 240.10b-5, 240.13b2-2, and 240.13a-14, and from aiding and abetting
14 violations of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and
15 Rules 12b-20, 13a-11, and 13a-13 thereunder, 17 C.R.F. §§ 240.12b-20,
16 240.13a-11, and 240.13a-13;

17             (b)    orders Defendant to pay disgorgement in the amount of
18 $464,354, plus prejudgment interest thereon in the amount of $76,991;

19             (c)    orders Defendant to pay a civil penalty in the amount of
20 $250,000 under Section 20(d) of the Securities Act of 1933, 15 U.S.C. § 77t(d),
21 and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3); and

22             (d)    bars Defendant for a period of five (5) years, pursuant to
23 Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), and Section 21(d)(2) of the
24 Exchange Act, 15 U.S.C. § 78u(d)(2), from serving as an officer or director of any
25 issuer that has a class of securities registered to Section 12 of the Exchange Act, 15
26 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the
27 Exchange Act, 15 U.S.C. § 78o(d).

28    3.    Defendant acknowledges that the civil penalty paid pursuant to the Final

1  Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a)
2  of the Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair Fund
3  distribution is made, the civil penalty shall be treated as a penalty paid to the
4  government for all purposes, including all tax purposes.  To preserve the deterrent
5  effect of the civil penalty, Defendant agrees that he shall not, after offset or reduction
6  of any award of compensatory damages in any Related Action based on Defendant's
7  payment of disgorgement in this action, argue that he is entitled to, nor shall he
8  further benefit by, offset or reduction of such compensatory damages award by the
9  amount of any part of Defendant's payment of a civil penalty in this action ("Penalty
10 Offset").  If the court in any Related Action grants such a Penalty Offset, Defendant
11 agrees that he shall, within 30 days after entry of a final order granting the Penalty
12 Offset, notify the Commission's counsel in this action and pay the amount of the
13 Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission
14 directs.  Such a payment shall not be deemed an additional civil penalty and shall not
15 be deemed to change the amount of the civil penalty imposed in this action.  For
16 purposes of this paragraph, a "Related Action" means and includes *In re New*
17 *Century*, Case No. 07-931-DDP (C.D. Cal.); *The New Century Liquidating Trust and*
18 *Reorganized New Century Warehouse Corporation v. Cole, et al.*, Case No. 07-
19 10416-KJC (Bankr. Del.); *Kodiak Warehouse LLC v. Morrice, et al.*, Case No. 08-
20 01265-DDP (C.D. Cal.); and any other private damages action brought against
21 Defendant by or on behalf of one or more investors based on substantially the same
22 facts as alleged in the Complaint in this Action.

23       4.      Defendant agrees that he shall not seek or accept, directly or indirectly,
24 reimbursement or indemnification from any source, including but not limited to
25 payment made pursuant to any insurance policy, with regard to any civil penalty
26 amounts that Defendant pays pursuant to the Final Judgment, regardless of whether
27 such penalty amounts or any part thereof are added to a distribution fund or otherwise
28 used for the benefit of investors.  Defendant further agrees that he shall not claim,

1  assert, or apply for a tax deduction or tax credit with regard to any federal, state, or
2  local tax for any penalty amounts that Defendant pays pursuant to the Final
3  Judgment, regardless of whether such penalty amounts or any part thereof are added
4  to a distribution fund or otherwise used for the benefit of investors.

5      5.    Defendant waives the entry of findings of fact and conclusions of law
6  pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7      6.    Defendant waives the right, if any, to a jury trial and to appeal from the
8  entry of the Final Judgment.

9      7.    Defendant enters into this Consent voluntarily and represents that no
10  threats, offers, promises, or inducements of any kind have been made by the
11  Commission or any member, officer, employee, agent, or representative of the
12  Commission to induce Defendant to enter into this Consent.

13      8.    Defendant agrees that this Consent shall be incorporated into the Final
14  Judgment with the same force and effect as if fully set forth therein.

15      9.    Defendant will not oppose the enforcement of the Final Judgment on the
16  ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of
17  Civil Procedure, and hereby waives any objection based thereon.

18      10.    Defendant waives service of the Final Judgment and agrees that entry of
19  the Final Judgment by the Court and filing with the Clerk of the Court will constitute
20  notice to Defendant of its terms and conditions. Defendant further agrees to provide
21  counsel for the Commission, within thirty days after the Final Judgment is filed with
22  the Clerk of the Court, with an affidavit or declaration stating that Defendant has
23  received and read a copy of the Final Judgment.

24      11.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the
25  claims asserted against Defendant in this civil proceeding. Defendant acknowledges
26  that no promise or representation has been made by the Commission or any member,
27  officer, employee, agent, or representative of the Commission with regard to any
28  criminal liability that may have arisen or may arise from the facts underlying this

4

1   action or immunity from any such criminal liability.  Defendant waives any claim of
2   Double Jeopardy based upon the settlement of this proceeding, including the
3   imposition of any remedy or civil penalty herein.  Defendant further acknowledges that
4   the Court's entry of a permanent injunction may have collateral consequences under
5   federal or state law and the rules and regulations of self-regulatory organizations,
6   licensing boards, and other regulatory organizations.  Such collateral consequences
7   include, but are not limited to, a statutory disqualification with respect to membership
8   or participation in, or association with a member of, a self-regulatory organization.
9   This statutory disqualification has consequences that are separate from any sanction
10  imposed in an administrative proceeding.  In addition, in any disciplinary proceeding
11  before the Commission based on the entry of the injunction in this action, Defendant
12  understands that he shall not be permitted to contest the factual allegations of the
13  complaint in this action.

14        12.    Defendant understands and agrees to comply with the Commission's
15  policy "not to permit a defendant or respondent to consent to a judgment or order that
16  imposes a sanction while denying the allegations in the complaint or order for
17  proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees:
18  (i) not to take any action or to make or permit to be made any public statement
19  denying, directly or indirectly, any allegation in the complaint or creating the
20  impression that the complaint is without factual basis; and (ii) that upon the filing of
21  this Consent, Defendant hereby withdraws any papers filed in this action to the extent
22  that they deny any allegation in the complaint.  If Defendant breaches this agreement,
23  the Commission may petition the Court to vacate the Final Judgment and restore this
24  action to its active docket.  Nothing in this paragraph affects Defendant's: (i)
25  testimonial obligations; or (ii) right to take legal or factual positions in litigation or
26  other legal proceedings in which the Commission is not a party.

27        13.    Defendant hereby waives any rights under the Equal Access to Justice
28  Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other

1  provision of law to seek from the United States, or any agency, or any official of the

2  United States acting in his or her official capacity, directly or indirectly,

3  reimbursement of attorney's fees or other fees, expenses, or costs expended by

4  Defendant to defend against this action.  For these purposes, Defendant agrees that

5  Defendant is not the prevailing party in this action since the parties have reached a

6  good faith settlement.

7      14.    Defendant agrees that the Commission may present the Final Judgment

8  to the Court for signature and entry without further notice.

9      15.    Defendant agrees that this Court shall retain jurisdiction over this matter

10  for the purpose of enforcing the terms of the Final Judgment.

11

12  Dated:  7/22/10

13                                        Brad A. Morrice

14  State of California
    County of Orange

15  On July 22, 2010    before me, Terri G. Meisberger, Notary Public (here insert name and title

16  of the officer), personally appeared Brad A. Morrice                   , who

17  proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)
    is/are subscribed to the within instrument and acknowledged to me that he/he/they

18  executed the same in his/her/their authorized capacity(ies), and that by his/her/their

19  signature(s) on the instrument the person(s), or the entity upon behalf of which the
    person(s) acted, executed the instrument.

20
    I certify under PENALTY OF PERJURY under the laws of the State of California

21  that the foregoing paragraph is true and correct.

22  WITNESS my hand and official seal.

23  Signature                                        (Seal)

24  Approved as to form:

25
    Bert H. Deixler, Esq.

26  Damian J. Martinez, Esq.
    Proskauer Rose LLP

27  2049 Century Park East, 32nd Floor
    Los Angeles, CA  90067

28  (310) 557-2900
    Attorney for Defendant Brad A. Morrice

    TERRI G. MEISBERGER
    COMM...1689862
    NOTARY PUBLIC-CALIFORNIA
    ORANGE COUNTY
    My Term Exp. September 23, 2010

                    6

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On July 30, 2010, I caused to be served the document entitled **CONSENT OF BRAD A. MORRICE** on all the parties to this action addressed as stated on the attached service list:

[ ]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

    [ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

    [ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  July 30, 2010               /s/ Janet E. Moser
                                         Janet E. Moser

<u>**SEC v. BRAD A. MORRICE, et al.**</u>
**United States District Court – Central District of California**
**Case No. CV 09-01426 DDP (FMOx)**
**(LA-3349)**

<u>SERVICE LIST</u>

Damian J. Martinez, Esq. **(served via CM/ECF only)**
Proskauer Rose LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Email:  dmartinez@proskauer.com
***Attorney for Defendant Brad A. Morrice***


Peter J. Shakow, Esq. **(served via CM/ECF only)**
Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg APC
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
Email:  pjs@birdmarella.com
***Attorney for Defendant Patti N. Dodge***


John D. Vandevelde, Esq. **(served via CM/ECF only)**
Crowell & Moring LLP
515 S. Flower Street, 40th Floor
Los Angeles, CA 90071
Email:  jvandevelde@crowell.com
***Attorney for Defendant David N. Kenneally***