DONALD W. SEARLES, Cal. Bar No. 135705
E-mail: searlesd@sec.gov
JANET E. MOSER, Cal. Bar No. 199171
E-mail: moserj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

NO JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

BRAD A. MORRICE, PATTI M. DODGE, and DAVID N. KENNEALLY,

Defendants.

Case No.

SA CV 09-01426 DDP (FMOx)

**FINAL JUDGMENT AS TO DEFENDANT BRAD A. MORRICE**

The Securities and Exchange Commission having filed a Complaint For Violations of the Federal Securities Laws ("Complaint") and Defendant Brad A. Morrice ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**II.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained

and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the “Exchange Act”), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**III.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant’s agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-11 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-11 & 240.13a-13, by knowingly providing substantial assistance to an issuer that files current reports with the Commission on Forms 8-K or quarterly reports with the Commission on Forms 10-Q that fail to contain material information necessary to make the required statements in the Forms 8-K or 10-Q, in light of the circumstances under which they are made, not misleading.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), by knowingly circumventing or knowingly failing to implement a system of internal accounting controls.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-2 of the Exchange Act, 17 C.F.R. § 240.13b2-2, while an officer or director of an issuer by:

A. making or causing to be made a materially false or misleading statement; or

B. omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements are made, not misleading;

to an accountant in connection with:

1. any audit, review or examination of the financial statements of the issuer required to be made, or

2. the preparation or filing of any document or report required to be filed with the Commission.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13a-14, 17 C.F.R. § 240.13a-14, by falsely certifying that:

(a) any required issuer report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by the report; and

(b) the information contained in the report fairly presents in all material respects the financial condition, results of operations, and cash flows of the issuer as of, and for the periods presented in the report.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant is liable for disgorgement in the amount of $464,354 together with prejudgment interest thereon in the amount of $76,991, for a total of $541,345, and a civil penalty in the amount of $250,000 pursuant to Section 20(d)(1) of the Securities Act, 15 U.S.C. § 77t(d)(1), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant shall satisfy the payment obligation herein by making payment according to the terms of the Stipulation of Settlement in a class action pending in the Central District of California entitled In re New Century, Case No. 07-931-DDP. In particular, Defendant shall pay or cause to be paid $791,345 in cash or value pursuant to the Stipulation of Settlement (the "Payment"). Within 10 days of the Payment, Defendant shall transmit evidence of such Payment to Commission's counsel in this action. Upon the Effective Date (as

defined in the Stipulation of Settlement), Defendant shall have fully satisfied his payment obligation in this action. In the event the settlement in *In re New Century*, Case No. 07-931-DDP does not become effective, then defendant shall have the right to withdraw from this and any other pending settlement with the Commission and the parties hereto shall return to their original litigation posture in this action as of the date of the Consent.

Amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Action" means and includes *In re New Century*, Case No. 07-931-DDP (C.D. Cal.); *The New Century Liquidating Trust and Reorganized New Century Warehouse Corporation v. Cole, et al.*, Case No. 07-10416-KJC (Bankr. Del.); *Kodiak Warehouse LLC v. Morrice, et al.*, Case No. 08-01265-DDP (C.D. Cal.); and any other private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this Action.

**VIII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e) and Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant is prohibited, for five (5) years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l* or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

**IX.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**X.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**XI.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: August 13, 2010

HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE